UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MINH KHA HOANG PHAN,

Petitioner,

v.

P. COVELLO,

Respondent.

No. 2:24-cv-3309-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a state prisoner representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss. ECF No. 11. Petitioner has not filed an opposition and the time to do so has expired. For the reasons explained in detail below, the undersigned recommends granting the motion to dismiss the § 2254 petition without prejudice based on lack of jurisdiction.

**I. Factual and Procedural History**

Petitioner was convicted of first degree murder in the Sacramento County Superior Court. On December 1, 2017, he was sentenced to an indeterminate term of 50 years to life in prison. ECF No. 11 at 43. On a state habeas application, petitioner indicated that he expected to be released "in the future" rather than on a date certain. See ECF No. 11 at 43.

In this action, petitioner challenges his March 24, 2022 prison disciplinary violation on the basis that there was no evidence to support it in violation of the Due Process clause. ECF No. 1.

Based on this disciplinary violation, petitioner lost 30 days of good time credit, 90 days of pay, and one year of family visitation. By way of relief, petitioner seeks to have his disciplinary violation reversed and his family visits restored.

Respondent filed a motion to dismiss the habeas petition on two separate grounds. ECF No. 11. First, respondent contends that petitioner's sufficiency challenge is not a cognizable habeas claim because it will not result in his speedier release from confinement. ECF No. 11 at 4. Respondent also seeks dismissal on the basis that the petition was untimely. ECF No. 11.

**II. Legal Standards**

There are two types of actions that can be used by a person in state custody to challenge various aspects of their confinement. The first is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254, which challenges "the validity of any confinement or to particulars affecting its duration." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Any claim that would result in a state inmate's immediate or speedier release is the exclusive province of a habeas corpus action. Preiser v. Rodriguez, 411 U.S. 475 (1973). The second type of action is a civil rights complaint pursuant to 42 U.S.C. § 1983 that challenges the "circumstances of confinement." Muhammad, 540 U.S. at 750. "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal citations omitted). The Ninth Circuit in Nettles held that the district court lacked jurisdiction over a discipline-related claim by a California inmate serving an indeterminate life sentence who had passed his minimum eligible parole date and not yet been found suitable for parole. Under these circumstances, neither expungement of the disciplinary finding nor restoration of lost good-time credits would "necessarily lead to immediate or speedier release[.]" Nettles, 830 F.3d at 935. As a result, petitioner's disciplinary challenge was not cognizable in federal habeas and could only be raised in a § 1983 complaint. Id.

**III. Analysis**

Applying these legal standards, the undesigned finds that petitioner's sufficiency challenge to his disciplinary conviction is not cognizable in this habeas corpus action. Here, even

if petitioner's 2022 disciplinary conviction was expunged due to lack of evidence, and his 30 days of custody credits restored, it would not "necessarily spell speedier release" under Nettles. That is because petitioner is serving an indeterminate term of imprisonment. See Hardney v. Virga, No. 2:13-cv-01509-TLN-AC, 2015 WL 3648697, *3 (E.D. Cal. June 10, 2015) (recommending dismissal of habeas petition from life inmate challenging a loss of credits based on Nettles) (findings and recommendations adopted by district court August 10, 2015). Accordingly, the court recommends granting respondent's motion to dismiss based on lack of jurisdiction.[1]

Although this court has the discretion to construe petitioner's claim as a civil rights complaint pursuant to 42 U.S.C. § 1983, the undersigned recommends declining to do so. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). As a practical matter, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint. See Pinson v. Carvajal, 69 F.4th 1059, 1075-1076 (9th Cir. 2023) (recognizing that "this general principle—that habeas petitions may be converted to civil-rights actions—predates the enactment of the PLRA, which significantly impacted a court's ability to convert a habeas petition into a civil rights action"). Due to the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Nettles, 830 F.3d at 936 (holding that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). Thus, in this circumstance, the court does not recommend recharacterizing petitioner's habeas application as petitioner has not consented nor agreed to pay the substantially larger filing fee for a civil rights action. The

[1] Because this court lacks jurisdiction over petitioner's claim, it need not reach respondent's alternative argument for dismissal based on the statute of limitations.

undersigned recommends dismissing the § 2254 application without prejudice to refiling as a civil rights action should petitioner choose to do so.

**IV. Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court finds that your challenge to your prison disciplinary conviction is not properly raised in a habeas corpus petition because its reversal will not necessarily lead to your speedier release from confinement. It is recommended that respondent's motion to dismiss be granted for this reason.

If you disagree with this recommendation, you have 21 days to explain why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the file and make the final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) based on lack of jurisdiction be granted.

2. Petitioner's habeas corpus application (ECF No. 1) be dismissed without prejudice as it fails to raise a cognizable claim for relief affecting the fact or duration of his confinement.

3. The court decline to exercise its discretion to convert this § 2254 petition to a civil rights complaint pursuant to 42 U.S.C. § 1983 for the reasons indicated herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issue(s). Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE